# Third District Court of Appeal

## State of Florida

Opinion filed November 19, 2014.

_____

No. 3D14-1344
Lower Tribunal No. 11-31129

_____

**Noe Boo, a.k.a. Noel Diaz,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Dava J. Tunis, Judge.

Noe Boo a.k.a. Noel Diaz, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SHEPHERD, C.J., and LAGOA, and SCALES, JJ.

**ON CONFESSION OF ERROR**

PER CURIAM.

Noe Boo, a.k.a. Noel Diaz ("Boo"), appeals the trial court's order summarily denying his Motion for Correction of Jail Sentence/Credit pursuant to Florida Rule of Criminal Procedure 3.801. The trial court subsequently denied Appellant's motion for rehearing as well as his request for an evidentiary hearing. On June 5, 2014, Appellant filed a notice of appeal challenging both the trial court's final order and its denial of his motion for rehearing. Based on the State's confession of error, we reverse and remand for further proceedings.

In his 3.801 motion, Appellant alleged that he should have been credited with 566 days served, not 367 days, as calculated by the Department of Corrections ("DOC"), and later adopted through the trial court's order. As the State concedes, the trial court failed to attach any documents to its order that conclusively refuted Appellant's allegations. In fact, the attached DOC calculations tend to support Appellant's allegations in that they contain patently erroneous mathematical conclusions.

Pursuant to Florida Rule of Criminal Procedure 3.801(e), which incorporates Florida Rule of Criminal Procedure 3.850(f), the trial court was required to attach records that conclusively refuted Appellant's motion seeking additional jail credit. See Fla. R. Crim. P. 3.850(f)(5) ("If the denial is based on the records in the case, a copy of that portion of the files and records that conclusively shows that the

defendant is entitled to no relief shall be attached to the final order."). <u>See also</u> Fla. R. App. P. 9.141(b)(2)(D).

As such, we reverse and remand for the trial court to: (i) attach documents refuting Appellant's claim; (ii) award Appellant proper credit for time served; or (iii) set the matter for an evidentiary hearing.

Reversed and remanded for further proceedings.