# Third District Court of Appeal

## State of Florida

Opinion filed August 13, 2015.

_____

No. 3D14-2650
Lower Tribunal No. 09-27045

_____

**Ramon Rodriguez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Teresa Mary Pooler, Judge.

Ramon Rodriguez, in proper person.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before WELLS, ROTHENBERG and SCALES, JJ.

PER CURIAM.

ON CONFESSION OF ERROR

Appellant Ramon Rodriguez appeals an "Order Denying Defendant's Motion for Additional Credit Time Served," dated July 29, 2014. This trial court order is in response to two motions filed by Rodriguez, both of which pertain to earned jail credit arising from a succession of arrests, pleas of guilty, and probation violations that occurred between 2009 and 2013. For the reasons set forth below, and based on the State's confession of error, we reverse and remand this matter to the trial court for further proceedings.

On June 4, 2014, Rodriguez filed a pro se motion, titled "Motion to Correct Illegal Sentence," pursuant to rule 3.800 of the Florida Rules of Criminal Procedure. While not entirely clear, Rodriguez's June 4, 2014 motion asserts that the trial court's August 22, 2013 prison sentence of 37.88 months is illegal, primarily because a jail credit of 350 days is allegedly incorrect.

On July 24, 2014, Rodriguez filed a second pro se motion, titled "Motion for Jail Time Credit," pursuant to rule 3.801 of the Florida Rules of Criminal Procedure. Again, while not entirely clear, Rodriguez's July 24, 2014 motion seeks jail credit for 735 days, rather than the 350 days reflected in the trial court's order.[1]

---

[1] In his pleadings below and his initial brief to this Court, Rodriguez has variously mentioned being owed or awarded 607 days, 22 months and 745 days of jail credit. Further confusing the matter, Rodriguez has attached as an exhibit to his initial brief a portion of a document called "Felony Plea and Probation Disposition Form" that contains a reference to "(607 days)."

The record on appeal reflects no State response to either of these motions.

The trial court's July 29, 2014 order on appeal summarily dispatches Rodriguez's effort to obtain additional jail credit time, although the order is not clear whether it is adjudicating one or both of Rodriguez's pro se motions. If the order on appeal pertains to Rodriguez's motion pursuant to rule 3.801, then the trial court should have attached to its order the portion of the record that conclusively shows that Rodriguez was not entitled to relief. Fla. R. Crim. P. 3.801(e).[2]

On the State's proper confession of error, we reverse the trial court's July 29, 2014 order and remand with instructions for the trial court to treat Rodriguez's 3.801 motion as a timely filed motion. Pursuant to Rule 3.801(e), the trial court should then either conduct an evidentiary hearing to determine the amount of jail credit for which Rodriguez is entitled or, in the alternative, attach portions of the record that conclusively demonstrate that Rodriguez is not entitled to relief. Boo v. State, 152 So. 3d 81 (Fla. 3d DCA 2014) (Mem).

With regard to Rodriguez's 3.800 motion, challenging the legality of the trial court's 37.88 month prison sentence, the trial court should respond to this motion appropriately.

---

[2] Rule 3.801(e) incorporates summary or evidentiary procedures established in rule 3.850(f).

The trial court should expedite this matter on remand. Further, we appoint the office of the public defender to represent Rodriguez in remand proceedings.

Reversed and remanded with instructions.